UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INTERNATIONAL CARS LTD., INC., DANVERS ICL 1, LLC d/b/a HONDA NORTH,

Plaintiffs,

v.

ERIC THORNER, JASON BLACK, THE BEST DAMN LOCATOR, LLC, BEST AUTO FINDERS, and SUPREME LOCATORS, LLC,

Defendants.

No. 1:23-cv-11932-JEK

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR CONTEMPT AND FOR SANCTIONS**

**KOBICK, J.**

Plaintiffs International Cars Ltd., Inc. and Danvers ICL 1, LLC d/b/a Honda North (collectively, "ICL") move under Federal Rule of Civil Procedure 37(b) for sanctions, civil contempt, and an entry of default judgment based on defendant Eric Thorner's ongoing failure to comply with his discovery obligations and with court orders. Because Thorner has repeatedly ignored this Court's warnings and orders compelling him to attend his deposition, the Court will enter default judgment against him and grant ICL reasonable costs and attorney's fees.

**BACKGROUND**

ICL initiated this action in August 2023. On February 18, 2025, ICL scheduled Thorner's deposition for March 24, 2025, and served him with a notice of deposition via email. ECF 91-1, at 2-6. ICL then confirmed Thorner's deposition via email on March 19, 2025. ECF 91-2, at 15. Thorner failed to appear for his scheduled deposition on March 24. *Id.* at 6-8. On May 15, 2025,

counsel for ICL emailed Thorner requesting his availability for a meet and confer to discuss his failure to appear and outlining ICL's intention to move to compel and seek sanctions if Thorner did not respond. ECF 90, ¶ 6. Thorner replied: "I wa[s] unaware of any in person or video appointments. The correspondence I had with the court was a year ago." *Id.* ¶ 7. His response did not address ICL's request to meet and confer. *Id.*

On May 23, 2025, ICL filed a motion to compel Thorner to attend his deposition and to award sanctions. ECF 90. At a status conference held on June 11, 2025, the Court stressed to Thorner the importance of responding to opposing counsel and ordered him to provide plaintiffs' counsel with his best contact information. ECF 97. The next day, the Court granted ICL's unopposed motion to compel Thorner to attend his deposition upon its rescheduling. ECF 100. The Court also denied ICL's request for sanctions because Thorner had expressed confusion about the deposition notice, but it warned Thorner that "non-compliance with this order may result in future sanctions." *Id.*

ICL rescheduled Thorner's deposition for October 7, 2025. ECF 125-1, at 12-14. Upon Thorner's request and to ensure his availability, ICL moved the noticed deposition to October 29, 2025. *Id.* at 6-7, 16-18. Thorner again failed to appear at his deposition, prompting ICL to move for contempt and renew its request for sanctions on February 5, 2026. ECF 124. Thorner did not oppose that motion. The Court scheduled a hearing for April 16, 2026. ECF 138. Thorner then emailed the clerk asking for a different date because he would be away, and the Court rescheduled the hearing at his request to April 10, 2026. *Id.* Despite confirming with the Court that he was available on April 10, Thorner failed to appear at the hearing. *Id.*

On May 7, 2026, the Court issued an order granting in part and denying in part ICL's motion for contempt. ECF 143. The order noted Thorner's "pattern of non-compliance with his discovery

obligations over the past 13 months." *Id.* The Court denied ICL's request for default judgment and civil contempt but warned Thorner that "further non-compliance with the Court's order will result in future sanctions, including the possibility of default judgment." *Id.* The Court then granted ICL's request for attorney's fees and costs and a further order compelling Thorner to attend his deposition. *Id.* The order explained that "[a]lthough it would be within the Court's discretion to enter more severe sanctions, . . . Thorner should be given one final opportunity to attend his deposition." *Id.* The Court ordered ICL to re-notice Thorner's deposition in the next 28 days, and stated that, "[o]nce noticed, the deposition date shall be fixed and Thorner is ORDERED to attend his deposition at the time and place specified in the notice." *Id.*

On May 13, 2026, ICL noticed Thorner's deposition for June 1, 2026. ECF 159-1, at 5, 18-20. The next day, Thorner replied, "I'll be filing to change to 6/12 unless we can agree on that date." *Id.* at 24-25. Counsel for ICL responded that, "[p]ursuant to the Court's Order, this is a nonnegotiable date," but Thorner could seek leave from the Court to continue the deposition to a later date. *Id.* at 23-24. Thorner did not seek leave from the Court. Instead, he reiterated that he would not be available on June 1, 2026. *Id.* at 22, 24. Counsel for ICL warned Thorner that failure to appear for the deposition is a "violation of the Court's Order." *Id.* at 22. On June 1, 2026, Thorner failed to appear at his deposition. *Id.* at 42-43. Approximately three weeks later, on June 24, ICL renewed its motion for contempt and for sanctions. ECF 158. Pursuant to Fed. R. Civ. P. 37(b), ICL seeks default judgment, civil contempt, and sanctions in the form of attorney's fees and costs. *Id.* Thorner has not opposed this renewed motion for contempt.

## DISCUSSION

### I. Default Judgment.

Federal Rule of Civil Procedure 37(b) gives district courts a "veritable arsenal of sanctions for failure to comply with discovery orders." *Crispin-Taveras v. Mun. of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011) (quotation marks omitted). If a party fails to obey an order to provide or permit discovery, the court may "rende[r] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Default judgment is "a final disposition of the case and an appealable order that has the same effect as a judgment rendered after a trial on the merits." *Universitas Educ., LLC v. Granderson*, 98 F.4th 357, 363 n.2 (1st Cir. 2024) (quotation marks omitted). While it "provides a useful remedy when a litigant is confronted by an obstructionist adversary," it is also a "drastic sanction" that "runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results." *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 51 (1st Cir. 2009) (quotation marks omitted).

When considering whether to enter a default judgment, a court may "weigh the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015). Procedurally, the court should consider whether the offending party was given "notice of the possibility of sanctions" and "the opportunity to explain its misconduct." *Id.*

Here, both procedural prerequisites for default judgment have been satisfied. ICL has filed three motions seeking sanctions, and Thorner has failed to oppose all three motions. ECF 90, 124, 158. The Court warned Thorner, in its order granting in part and denying in part ICL's first motion,

that "non-compliance with this order may result in future sanctions." ECF 100. At the hearing scheduled on the second motion, Thorner failed to appear even though the Court rescheduled that hearing at his request and confirmed his availability. ECF 138. Since ICL filed its second motion in February 2026, Thorner has been on notice that it is seeking default judgment as a remedy for his intransigence. And in its May 7, 2026 order, the Court explicitly warned Thorner that it may enter default judgment against him should he continue refusing to comply with court orders. ECF 143. Thorner has, accordingly, been given ample notice of the possibility of more severe sanctions, including default judgment, and has had an opportunity to respond fully. He has simply chosen not to respond to or comply with court orders.

The balance of the substantive factors justifies entering a default judgment against Thorner. "Only conduct that is either so egregious on its face or representative of a pattern of similar behavior deserves default judgment." *AngioDynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, 292 (D. Mass. 2014) (citing *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 (1st Cir. 2002)). Thorner's behavior in this case meets this standard. His repeated refusal to attend his own deposition, together with his ongoing violation of court orders, amounts to a "deliberate pattern of stonewalling with the aim of frustrating effective discovery and the progress of the case." *Companion Health Servs., Inc. v. Kurtz*, 675 F.3d 75, 85 (1st Cir. 2012). Thorner refused to attend his deposition three times, delaying progress in this case for over a year and a half. Before every scheduled deposition, counsel for ICL wrote to confirm the date and time of his deposition. This Court has similarly warned Thorner of his recalcitrant behavior. *See, e.g.*, ECF 100 (ordering "Thorner to attend his deposition once it is rescheduled" and warning him "that non-compliance with this order may result in future sanctions"); ECF 143 ("Thorner is ordered to attend his deposition at the time and place specified in the notice" and "warned that further non-compliance

with the Court's order will result in future sanctions, including the possibility of default judgment."). The record confirms the severity of Thorner's actions and the repeated instances of his misconduct.

The Court considers together the legitimacy of Thorner's excuse for, and the deliberateness of, his actions in frustrating discovery. *See AngioDynamics*, 991 F. Supp. 2d at 291. "A litigant's good faith attempt to comply with a discovery rule is generally a legitimate excuse for an inadvertent or unintentional violation." *Id.* Throughout this case, Thorner has not made genuine attempts to comply with his discovery obligations or provided the Court with legitimate excuses for his noncompliance. After he failed to appear at his first scheduled deposition and ICL moved for sanctions, Thorner did not oppose the motion or seek a protective order. ECF 100. He also failed to oppose ICL's two subsequent motions for contempt and sanctions. Thorner did not appear at the hearing on the second motion, which was rescheduled at his request to secure his attendance, and he has not offered sound justifications for his non-appearance at his depositions or engaged in good faith with ICL's counsel regarding alternative dates. His failure to identify a legitimate excuse for noncompliance and his apparent deliberate misconduct therefore weigh heavily in favor of default judgment.

Thorner's unwillingness to attend his deposition has also resulted in significant prejudice to ICL. "A party's failure to attend his or her own deposition presents probably the grossest example of prejudicial discovery misconduct." *AngioDynamics*, 991 F. Supp. 2d at 293; *see Guex v. Allmerica Fin. Life Ins. and Annuity Co.*, 146 F.3d 40, 42 (1st Cir. 1998) (finding that dismissal was not abuse of discretion when the plaintiff "demonstrated a troubling lack of respect for the judicial process by failing to appear at his deposition, failing to explain his failure, and then having the impertinence to suggest that the magistrate judge had shown no interest in hearing his side of

the story"). ICL alleges in this case that Thorner used his role in managing its car dealership to unlawfully divert ICL's vehicle allocations to other dealerships. *See* ECF 1, ¶¶ 10-11, 19, 25-27, 34-37. ICL's inability to depose Thorner concerning those allegations has "undermine[d] its capacity to present its case" and obtain evidence about his role in the scheme. *AngioDynamics*, 991 F. Supp. 2d at 294. ICL has exhibited remarkable patience with Thorner, but this lawsuit has been pending for over three years, and it is well past time for it to reach a resolution.

Lesser remedies have proved inadequate to deter Thorner's misconduct. In granting in part and denying in part ICL's first motion for sanctions, the Court compelled Thorner to attend his deposition but declined to award attorney's fees in ICL's favor. ECF 100. Thorner then refused to attend his re-noticed deposition. Next, in granting in part and denying in part ICL's second motion for sanctions, the Court again compelled Thorner to attend his deposition and awarded attorney's fees and costs in ICL's favor, but it denied ICL's request for default judgment or an order of civil contempt. ECF 143. Thorner once again refused to attend his re-noticed deposition. The Court is left convinced that Thorner has decided not to participate in this case, and that none of the other remedies identified in Rule 37 would address the seriousness of his misconduct. For example, staying the proceedings would only reward him with an additional delay. Fed. R. Civ. P. 37(b)(2)(A)(iv). And evidentiary sanctions would not adequately rectify his violations, given his repeated noncompliance with court orders. Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii); *cf. Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 38-39 (1st Cir. 2012) (if "the sanction fits the misconduct, a trial court is not obliged to withhold the sanction until it has first slapped the offender on the wrist").[1]

---

[1] ICL also argues that an order of civil contempt is warranted. Because the Court concludes that the entry of default judgment against Thorner is appropriate and proportional to his non-compliance with court orders and discovery obligations, it will decline ICL's request for a civil

Weighing the factors, the Court finds that Thorner's repeated failures to attend his deposition and repeated noncompliance with court orders warrant the entry of default judgment against him under Fed. R. Civ. P. 37(b)(2)(A)(vi). *See, e.g.*, *Remexcel Managerial Consultants*, 583 F.3d at 52 (affirming entry of default judgment when, among other things, the district court had issued four warnings and milder sanctions for failure to comply with discovery requests before entry of default judgment); *see also Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 93 (1st Cir. 2010) (affirming entry of default judgment after the district court "made a number of factual findings that are well supported in the record").

## II. Attorney's Fees and Costs.

ICL's request for attorney's fees and costs will be granted. As relevant here, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey discovery orders, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Since Thorner has not opposed ICL's motion, he has not shown any substantial justification or other circumstances that would make this expense award unjust. The Court accordingly concludes that ICL is entitled to attorney's fees and costs incurred in connection with Thorner's June 1, 2026 deposition and the underlying motion for sanctions.

---

contempt finding. *See Danning v. Lavine*, 572 F.2d 1386, 1390 n.3 (9th Cir. 1978) ("Once default judgment is entered, there is simply no further purpose to be served by the imposition of civil contempt sanctions.").

## CONCLUSIONS AND ORDERS

For the foregoing reasons, ICL's motion for contempt and renewed request for sanctions, ECF 158, is GRANTED in part and DENIED in part. Default judgment is entered against Thorner as to all of ICL's claims. ICL is ORDERED to file an application for attorney's fees and costs within 14 days of this order. Thorner may submit an opposition within 14 days of ICL's application.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2026